## WALTER COLLINS, PLAINTIFF IN ERROR,

*v.*

## THE CITY OF SEATTLE, DEFENDANT IN ERROR.

Where an appeal is taken under the Act of 1883, a bill of exceptions subsequently signed does not meet the requirements of this act, to the effect that the Judge shall certify a statement containing all the material facts in the cause, and upon a proper motion such bill of exceptions should be stricken out.

Rule V. of this Court requires service on the adverse party of the assignment of errors.

In the absence of such service, this Court will affirm the judgment of the lower Court.

ERROR, to Third Judicial District, holding terms at Seattle.

In this cause, a notice of appeal was given, and entered in the journal of the District Court under the Statute of 1883. Shortly thereafter a notice of appeal was filed and served, as provided by the Code of 1881.

Subsequently, and within thirty days after the rendition of the judgment, notice of settling a bill of exceptions was given; and within the time allowed by the Court, the same was settled and signed by the Court, in the manner prescribed by the Code of 1881, but not in the manner to conform to the requirements of Sections 3 and 4 of the Appeal Act of 1883.

A motion was made to strike the bill of exceptions, and to affirm the judgment for want of a statement of facts under said Act of 1883.

*John J. McGilvra* and *Thomas Burke,* for Plaintiff in error.

*C. H. Hanford,* for Defendant in error.

Opinion by WINGARD, Associate Justice.

The appeal to this Court was taken under the Act of 1883.

There is no certificate of the Judge to the statement of facts, that said statement contains *all* the material facts in the cause, nor the material facts in the cause.

The motion to strike it from the record is therefore sustained.

There is no assignment of errors in this case served upon the adverse party or his attorney, nor can the paper claimed to be such assignment be considered as a paper in the case.

The motion to affirm the judgment is therefore allowed.

For the reasons given in *Wilson v. Wald & Campbell*, announced this morning (July 17, 1885), we think there has not been a general appearance in the cause.

We concur: JOHN P. HOYT, Associate Justice.
GEORGE TURNER, Associate Justice.